IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMER UMBENHOWER, | No. C 10-01198 JW (PR) |
| Petitioner, | ORDER OF DISMISSAL |
| vs. | |
| ARNOLD SCHWARZENNEGER, et al., Warden, | |
| Respondents. | |

Petitioner, a prisoner at the Deuel Vocational Institution ("DVI") in Tracy, California, has filed this pro se petition for an "emergency writ of mandate seeking injunctive relief" against DVI medical officials.

**DISCUSSION**

Petitioner claims that defendants have him "so under medicated that he is forced to live in a 166 to 168 hrs per week bedridden" and that he is suffering "level 8 to 10 pain and spasms." (Pet. at 1.) Petitioner alleges that the prison doctors are well aware of his medication needs, but are knowingly depriving him of them. (Id.) Petitioner seeks injunctive relief against defendants.

Although the federal mandamus statute provides that "[t] he district courts

Order of Dismissal
P:\PRO-SE\SJ.JW\OTHER\Umbenhower01198_dismiss-hc-cr.wpd

1    shall have original jurisdiction of any action in the nature of mandamus to compel an
2    officer or employee of the United States or any agency thereof to perform a duty
3    owed to the plaintiff," 28 U.S.C. § 1361, federal district courts are without power to
4    issue mandamus to direct state courts, state judicial officers, or other state officials
5    in the performance of their duties.  A petition for a writ of mandamus to compel a
6    state court or official to take or refrain from some action is frivolous as a matter of
7    law.  See Demos v. U.S. District Court, 925 F.2d 1160, 1161-62 (9th Cir. 1991)
8    (imposing no filing in forma pauperis order); Clark v. Washington, 366 F.2d 678,
9    681 (9th Cir. 1966) (attorney contested disbarment and sought reinstatement);
10   Dunlap v. Corbin, 532 F. Supp. 183, 187 (D. Ariz. 1981) (plaintiff sought order from
11   federal court directing state court to provide speedy trial), aff'd without opinion, 673
12   F.2d 1337 (9th Cir. 1982); Newton v. Poindexter, 578 F. Supp. 277, 279 (C.D. Cal.
13   1984) (§ 1361 has no application to state officers or employees); see also In re
14   Campbell, 264 F.3d 730, 731-32 (7th Cir. 2001) (denying petition for writ of
15   mandamus that would order state trial court to give petitioner access to certain trial
16   transcripts which he sought in preparation for filing state post- conviction petition;
17   federal court may not, as a general rule, issue mandamus to a state judicial officer to
18   control or interfere with state court litigation).  As such, the petition may be
19   dismissed as frivolous.

20   However, it is clear that petitioner is challenging a condition of his
21   confinement.  The preferred practice in the Ninth Circuit also has been that
22   challenges to conditions of confinement should be brought in a civil rights
23   complaint.  See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action
24   is proper method of challenging conditions of confinement); Crawford v. Bell, 599
25   F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on
26   basis that challenges to terms and conditions of confinement must be brought in civil
27   rights complaint).

28   Although a district court may construe a habeas petition by a prisoner

Order of Dismissal
P:\PRO-SE\SJ.JW\OTHER\Umbenhower01198_dismiss-hc-cr.wpd 2

attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, see <u>Wilwording v. Swenson</u>, 404 U.S. 249, 251 (1971), the Court declines to do so here.  The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here.  Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to the claims, and potential absence of an adequate prayer for relief.

Additionally, there is doubt whether the prisoner is willing to pay the $350.00 civil action filing fee to pursue his claims.  While a prisoner may think he has found a loophole that allows him to avoid paying the $350.00 filing fee by filing in habeas, the loophole proves unhelpful because he ultimately cannot proceed in habeas and will be charged the $350.00 filing fee to proceed with actions challenging conditions of confinement.  It is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every such case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information on the habeas form.

For the foregoing reasons, this action for a writ of habeas corpus is DISMISSED without prejudice to petitioner filing a civil rights action under 42 U.S.C. § 1983, preferably using the court's civil rights complaint form, after he has exhausted California's prison administrative remedies.  <u>See</u> 42 U.S.C. § 1997e(a).

The clerk is instructed to include two copies of the prisoner civil rights complaint form to petitioner with a copy of this order.

DATED: November 24, 2010

JAMES WARE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ELMER E UMBENHOWER,

          Petitioner,

v.

ARNOLD SCHWARZENEGGER, et al.,

          Respondents.

Case Number: CV10-01198 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 11/24/2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Elmer Umbenhower G 48669
Deuel Vocational Institution (DVI)
P. O. Box 600
Tracy, Ca 95376

Dated: 11/24/2010

                                  Richard W. Wieking, Clerk
                         /s/ By: Elizabeth Garcia, Deputy Clerk